IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CARLOS CAREY, #245 045, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-1054-WKW |
| | ) [WO] |
| KATHRYN D. HUBBARD, *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this complaint under 42 U.S.C. § 1983 alleging a violation of rights, privileges, or immunities afforded him under the Constitution or laws of the United States. Plaintiff names as defendants Ann Hill, General Counsel for the Alabama Department of Corrections, Assistant Attorney General Kathryn Hubbard, Captain Logan, and Warden Billups. Plaintiff seeks damages and injunctive relief and requests federal criminal charges be filed against defendants for obstruction of proceedings and tampering with a witness, victim, or informant. Upon review, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

Plaintiff seeks to challenge the conduct of Defendants regarding a pending lawsuit he previously filed with this court. *See Carey v. Classification Supervisor Lashanda Hails*, Civil Action No. 2:14-cv-590-WKW. He maintains that Defendants Hubbard and Hill, to prepare for their written report submitted in Civil Action No. 2:14-cv-590-WKW, instructed Defendants Logan and Billups, among others named in that lawsuit, to lie and commit perjury. Specifically, Plaintiff alleges when the defendants named in Civil Action No. 2:14-cv-590-WKW showed Defendants Hubbard and Hill a document Plaintiff gave them wherein he explained an enemy situation and requested protective custody, Defendants Hubbard and Hill "told [] them to say I never gave them documents explaining an enemy situation and never requested P.C." *Doc. No. 1* at 3. Plaintiff contends:

> this is a lie and falsehood[.] [A]ttorney Hill and Hubbard are aware of the existence of documents that informed the Defendants [in CA 2:14-ccv-590-WKW] of a[n] enemy situation however due to Plaintiff's past litigation Defendants ignored the enemy situation which has caused Plaintiff's injuries. Attorneys Hill and Hubbard help and assisted Defendants in committing perjury and covering up their diliberate [sic] indifference that lead to Plaintiff's injuries. Attorneys unethical and illegal behavior has also contributed to Plaintiff's injuries.

*Id*.

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief." A dismissal under § 1915(e)(2)(B)(ii) is governed by the

same standard as a dismissal under Fed. R. Civ. P. 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint need not set forth detailed factual allegations, a plaintiff must provide more than mere "labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (a court need not "assume that [a plaintiff] can prove facts that [the plaintiff] has not alleged."). Mere conclusory statements to support a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft*, 556 U.S. at 678; *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (jurisdiction cannot be premised upon a claim based on speculation).

At the outset, the court notes Plaintiff offers nothing beyond his own speculative and conclusory allegations that Defendants Hubbard and Hill advocated that their clients commit perjury in a civil lawsuit. It is unclear why Plaintiff, other than possibly for harassment,[2] challenges the validity of the evidence presented against him in another lawsuit by filing a

---

[2] Including the instant complaint, the court notes Plaintiff has filed thirteen civil actions in this court since September, 2013.

-3-

new complaint rather than filing an opposition, or appropriate motion, to the evidence, or lack thereof, submitted in the prior action. That remedy remains available to Plaintiff. Regardless of the underpinnings motivating the instant action, the court finds, notwithstanding the conclusory and wholly unsupported allegations presented which in and of themselves support dismissal, the complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) for the following reasons.

*A. The Conspiracy Claim*

To the extent Plaintiff's assertions amount to an allegation that Defendants engaged in a conspiracy to violate his constitutional rights because they wished to "ignore[] the enemy situation" because of his "past litigation," this claim entitles him to no relief. *Doc. No. 1* at 3. To establish a § 1983 conspiracy claim, "a plaintiff must show among other things, that the defendant 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988). This requires that Plaintiff provide more than a label or a conclusion. *Twombly*, 550 U.S. at 555. Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made. *Id*. at 555-56. Besides pleading facts to show that an agreement was reached to deny Plaintiff's rights, an "'underlying actual denial of [his] constitutional rights'" must be shown. *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998).

Review of Plaintiff's conspiracy claim reflects only self serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy by Defendant Strange.  *See Fullman*, 739 F.2d at 556-57 (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and may be dismissed).  The court concludes that Plaintiff's conspiracy claim against Defendants is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983.

*B. Prosecutorial Immunity*

To the extent Plaintiff's claims against Defendants Hubbard and Hill challenge actions they undertook in performing their functions as advocates for the government, they are entitled to absolute immunity from suit for damages. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). A prosecutor is entitled to absolute immunity concerning advocacy-related decisions in initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986) (Government attorneys are entitled to absolute immunity when they engage in conduct consistent with their role as advocates of the government in activities or functions intimately or integrally associated with the judicial (or administrative) process); *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (internal quotations and citations omitted) ("State attorneys . . . who perform functions analogous to those of a prosecutor . . . are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process."); *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) ("The traditional

requirements for extending absolute immunity are satisfied by a government attorney" defending state officials in prisoner civil rights litigation). Accordingly, to the extent Plaintiff's seeks damages against Defendants Hubbard and Hill in their role as advocates for the state, such claim lacks an arguable basis and is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Further, when there are adequate remedies at law, a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

*C. Criminal Charges*

Plaintiff requests that federal criminal charges be filed against Defendants under 18 U.S.C. § 1505, obstruction of proceedings before departments, agencies, and committees, and 18 U.S.C. § 1512, tampering with a witness, victim, or an informant. Plaintiff, however, does not have a constitutional right to see his alleged persecutor punished for their conduct. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private citizens have no right to institute criminal prosecutions in federal court); *Keenan v. McGrath*, 328 F.2d 610, 611 (D. Mass. 1964) (sanctioning a private individual's ability to initiate a criminal prosecution in his own name in a federal district court would provide a "means to circumvent the legal safeguards provided for persons accused of crime."). Whether to prosecute a particular case is in the discretion of the prosecutorial authority.

*United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). In light of the foregoing, Plaintiff's request to initiate criminal charges against Defendants is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 20, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of November, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE